# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Blue Clouds Health Care Incorporated**<br>  729 N Fielder Rd Ste A<br>  Arlington, TX 76012<br>  Tax ID / EIN: 90-0908505<br><br>**Debtor** | **Case No. 26-42540-elm**<br><br>**Chapter 11**<br><br>**Subchapter V Case**<br><br>*Expedited Hearing Requested* |

**EMERGENCY INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, GRANTING ADEQUATE PROTECTION, AND COMPELLING TURNOVER OF PROPERTY BY SECURED CREDITORS AND INSURANCE PAYORS**

On this day came on for consideration the Debtor's Emergency Motion for Interim and Final Orders (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Compelling Turnover of Property by Secured Creditors and Insurance Payors ("Motion") filed by Blue Clouds Health Care Incorporated, d/b/a Treat Now Family Clinic and d/b/a Treat Now Family Clinic and Psychiatry ("Debtor"). After considering the Motion, the evidence, the arguments of counsel, and the record in this case, the Court finds that sufficient cause exists to grant emergency interim relief.

The Court finds that the Debtor filed this case under Chapter 11, Subchapter V of the

Bankruptcy Code on June 8, 2026, and continues to operate its medical practice as debtor-in-

possession. The Court further finds that the Debtor requires immediate access to cash collateral

and incoming accounts receivable proceeds to preserve its ongoing business operations, maintain

payroll, continue patient care, avoid patient abandonment, and prevent irreparable harm to the

estate.

The Court further finds that the Debtor has demonstrated an immediate need to use cash

collateral on an interim basis and that the relief granted herein is necessary to preserve the value

of the estate pending a final hearing. The Court also finds that the proposed adequate protection

is sufficient on an interim basis, without prejudice to the rights of any party in interest to object

or seek further relief at a final hearing.

Accordingly, it is hereby ORDERED that:

1. **The Motion is GRANTED on an interim basis** as set forth in this Order.

2. **Authorization to Use Cash Collateral.** The Debtor is authorized to use cash collateral,

   including proceeds of accounts receivable and insurance receivables, on an interim basis

   through the objection deadline established in this Order, in an amount not to exceed

   $30,184.43, substantially in accordance with the 14-day emergency budget attached to

   the Motion as Exhibit A. If no timely objection is filed, such authority shall become final

   as provided in this Order.

3. **Permitted Uses.** The Debtor may use cash collateral for ordinary and necessary business

   expenses, including payroll, contractors, professional and operational services, rent,

   utilities, equipment payments, employee benefits, office and clinical overhead, taxes and

26-42540-elm11, Interim Order

licenses, bank charges, and a Subchapter V administrative reserve, as set forth in the interim budget.

4. **Adequate Protection.** As adequate protection for the interests of any secured creditor holding a valid, perfected, enforceable, and non-avoidable lien in the Debtor's prepetition accounts receivable, cash, or proceeds, including any Merchant Cash Advance lenders or other secured creditors asserting interests in such collateral, the Debtor is authorized and directed to grant replacement liens in postpetition accounts receivable, cash, and proceeds, solely to the extent of any diminution in value of such creditor's valid, perfected, enforceable, and non-avoidable prepetition collateral interests.

5. **Reservation of Rights Regarding Liens.** Nothing in this Order shall constitute a final determination as to the validity, priority, extent, perfection, amount, enforceability, or avoidability of any asserted lien, security interest, claim, or interest. All rights of the Debtor, the Subchapter V Trustee, creditors, and parties in interest are reserved.

6. **Turnover and Cessation of Diversions.** Any secured creditor, Merchant Cash Advance lender, third-party payment processor, insurance payor, clearinghouse, or other entity in possession, custody, or control of property of the estate, including insurance receivables, Explanation of Benefits payments, accounts receivable proceeds, or funds generated from the Debtor's medical services, shall immediately cease any prepetition diversion, garnishment, setoff, sweep, redirection, or collection activity against such funds.

7. **Insurance Payors and Clearinghouses.** All third-party insurance payors and related entities, including without limitation Oscar Health Plan, UnitedHealthcare, Ambetter of Texas/Superior Health Plan, Wellpoint, Humana Health Plan, Aetna, Blue Cross and Blue Shield of Texas, Molina Healthcare of Texas, Healthy Texas Women Program, and any

26-42540-elm11, Interim Order

related clearinghouse or claims processor, are directed to remit all postpetition payments, accounts receivable proceeds, EOB payments, and claim payments owed to the Debtor directly to the Debtor's debtor-in-possession account, and not to any prepetition secured creditor, MCA lender, garnishing creditor, or other third party asserting rights arising from prepetition obligations.

8. **Turnover of Estate Property.** Pursuant to 11 U.S.C. § 542, any entity holding funds, proceeds, accounts receivable payments, or other property of the estate that the Debtor may use under 11 U.S.C. § 363 shall immediately turn over such property to the Debtor, subject to the interim adequate protection granted in this Order.

9. **Automatic Stay.** Any act to collect, divert, intercept, garnish, sweep, debit, set off, or otherwise exercise control over the Debtor's accounts receivable, insurance receivables, bank accounts, cash, or proceeds on account of a prepetition debt is subject to the automatic stay imposed by 11 U.S.C. § 362. Nothing in this Order authorizes any creditor or third party to take any action in violation of the automatic stay.

10. **Debtor-in-Possession Account.** The Debtor shall maintain all estate funds in an authorized debtor-in-possession account and shall account for the use of cash collateral in accordance with the Bankruptcy Code, Bankruptcy Rules, applicable orders of this Court, and U.S. Trustee reporting requirements.

11. **No Waiver.** The interim use of cash collateral authorized herein shall not constitute a waiver of any rights, claims, objections, defenses, or causes of action held by the Debtor, the estate, the Subchapter V Trustee, or any party in interest, including any right to challenge the validity, priority, extent, perfection, enforceability, or amount of any asserted lien or claim.

12. **Final Approval; Conditional Final Hearing.** The interim relief granted in this Order shall become final relief without further hearing or order of the Court unless a written objection to final approval of the Motion is filed and served on or before _____, 2026, at _____ __.m., which date shall be at least fourteen (14) days after service of the Motion.

13. **Final Hearing Only Upon Objection.** If a timely objection is filed, the Court will conduct a final hearing on the Motion on _____, 2026, at _____ __.m., in the United States Bankruptcy Court Room 204, U.S. Courthouse, 501 W. Tenth Street, Fort Worth, Texas 76102, and/or by WebEx Link: https://us-courts.webex.com/meet/morris - Meeting Number: 2309-445-3213. For WebEx telephonic-only participation/attendance: Dial-In: 1.650.479.3207, Meeting ID: 2309 445 3213.

14. **Effect of Objection.** If a timely objection is filed, the interim relief granted in this Order shall remain in effect pending further order of the Court, unless modified by agreement of the Debtor and the objecting party or by further order of the Court.

15. **Service of Order and Notice.** The Debtor shall promptly serve this Order on all secured creditors identified in the Motion, all insurance payors and turnover targets identified in the Motion, the Subchapter V Trustee, the United States Trustee, and all parties requesting notice. The Debtor shall include notice of the objection deadline and conditional final hearing in such service.

16. **Binding Effect.** This Order shall be binding upon the Debtor, the estate, secured creditors, insurance payors, clearinghouses, payment processors, garnishing creditors, and all parties in possession or control of estate property or proceeds.

17. **Retention of Jurisdiction.** The Court retains jurisdiction to interpret, enforce, and

modify this Order.

### # # # END OF ORDER # # #

Submitted by:

/s/ Clayton L. Everett
Clayton L. Everett
State Bar No. 24065212
NORRED LAW, PLLC
515 E. Border Street
Arlington, Texas 76010
Telephone: (817) 704-3984
clayton@norredlaw.com
Proposed Counsel for Debtor

26-42540-elm11, Interim Order