NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Proposed Counsel for Debtor

# United States Bankruptcy Court
## Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Blue Clouds Health Care Incorporated**<br>729 N Fielder Rd Ste A<br>Arlington, TX 76012<br>Tax ID / EIN: 90-0908505<br><br>**Debtor** | **Case No. 26-42540-elm**<br><br>**Chapter 11**<br><br>**Subchapter V Case**<br><br>*Expedited Hearing Requested* |

### DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND (III) COMPELLING TURNOVER OF PROPERTY BY SECURED CREDITORS AND INSURANCE PAYORS

Blue Clouds Health Care Incorporated, *dba* Treat Now Family Clinic, and *dba* Treat Now Family Clinic and Psychiatry ("Debtor"), respectfully files this Emergency Motion for Interim and Final Orders ("Motion") pursuant to sections 105, 361, 362, 363, and 542 of Title 11 of the United States Code ("Bankruptcy Code"), and Federal Rules of Bankruptcy Procedure 4001 and 9014. In support of this Motion, the Debtor respectfully states as follows:

1.      The Debtor filed a voluntary petition under Chapter 11, Subchapter V of the Bankruptcy Code on June 8, 2026 ("Petition Date"). The Debtor continues to manage and operate its family medical practice as a debtor-in-possession.

2.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3.      **Emergency Relief Required**: Immediate and irreparable harm will occur to the Debtor's estate, its seven active employees, and its thousands of active medical patients if an interim order

is not entered immediately. Certain pre-petition Merchant Cash Advance ("MCA") lenders have issued notices to the Debtor's third-party health insurance clearinghouses and payors, systematically diverting and garnishing Explanation of Benefits ("EOB") claim funds. This operational chokehold has completely starved the medical clinic of cash flow, resulting in an operating cash balance of only $689.19.

4. Without an emergency order enjoining the MCAs, compelling immediate turnover of diverted funds, and authorizing the use of cash collateral to fund the critical $19,721.25 payroll due this Thursday, the clinic will be forced to shut its doors, triggering catastrophic patient abandonment issues and a complete liquidation of corporate asset values.

5. Established in 2012, the Debtor operates an established family healthcare clinic located at 729 N Fielder Rd # A, Arlington, Texas. The practice provides critical primary medical care and psychiatry services to the community.

6. The Debtor's primary asset and lifeblood consists of its Accounts Receivable ("A/R"), driven entirely by medical insurance billing claims. As of June 2026, the Debtor holds $519,204.70 in outstanding accounts receivable owed by third-party health insurance payors.

7. The practice is fundamentally sound and operationally profitable, generating stable monthly billings. For example, during May 2026, the clinic generated $178,935.00 in medical charges, resulting in an operational pipeline of $72,946.09 in fresh, outstanding post-May 1 claims.

8. The following pre-petition lenders hold, or claim to hold, perfected security interests in the Debtor's accounts receivable and cash proceeds via standard UCC-1 financing statements filed through Corporation Service Company ("CSC"):

26-42540-elm11, Cash Collateral, Adequate Protection, and Turnover

    a.  Secured Creditor 1: UCC-1 Filing ending in 29796541 (Filed September 19, 2025)

    b.  Secured Creditor 2: UCC-1 Filing ending in 30414090 (Filed December 3, 2025)

    c.  Secured Creditor 3: UCC-1 Filing ending in 30856070 (Filed January 29, 2026)

    (Collectively, the "MCA Lenders")

9.    Proceeds generated from the Debtor's pre-petition and post-petition A/R constitute "Cash Collateral" under 11 U.S.C. § 363(a).

10.    The MCA Lenders have intercepted electronic EOB fund routings from the Debtor's top insurance payors. The primary targets holding these diverted funds, which must be compelled to perform immediate turnover to the Debtor's newly established Debtor-in-Possession ("DIP") banking account, are:

| Third-Party Insurance Payor | Pro-Rata Target Monthly Billings (Charges) | Expected Monthly A/R Recovery (58% Cash Value) |
|---|---|---|
| Ambetter of Texas (Superior Health Plan) | $48,133.68 | $27,917.54 |
| WellMed Medical Management | $12,080.62 | $7,006.76 |
| Oscar Health Plan | $9,586.66 | $5,560.26 |
| Blue Cross Blue Shield of Texas (PPO) | $7,887.23 | $4,574.59 |
| Molina Healthcare of Texas (Medicaid) | $7,748.94 | $4,494.38 |
| UnitedHealthcare (Community Plan Medicaid) | $7,706.36 | $4,469.69 |
| Blue Cross Blue Shield of Texas (HMO) | $7,048.75 | $4,088.28 |
| Wellpoint Marketplace | $6,400.00 | $3,712.00 |
| Wellpoint Medicaid | $6,076.19 | $3,524.19 |

| | | |
|---|---|---|
| Healthy Texas Women Program | $5,590.02 | $3,242.21 |
| Aetna Better Health | $4,713.97 | $2,734.10 |
| UnitedHealthcare Marketplace | $3,992.09 | $2,315.41 |
| UnitedHealthcare PPO | $3,757.07 | $2,179.10 |
| Wellpoint Full Dual Advantage | $3,624.69 | $2,102.32 |
| Humana Health Plan | $3,584.72 | $2,079.14 |

| | | |
|---|---|---|
| Totals: | $137,930.99 | $79,999.97 |

11.     The Debtor requests authorized use of incoming cash collateral up to the minimum baseline operational expenses necessary to preserve the practice over the initial 14-day interim period. The mandatory expenditures required are $30,184.43.

12.     The Debtor further requests authorization of use of incoming cash collateral up to the operational expenses necessary to preserve the practice on a monthly basis in the amount of $56,927.99.

13.     Attached as exhibit A is the proposed 14-day interim budget and the proposed final monthly budget.

14.     **Turnover Under § 542(a)**: Under Section 542(a) of the Bankruptcy Code, any entity in possession of property of the bankruptcy estate that the debtor-in-possession may use under Section 363 must deliver and turn over such property or its proceeds to the Trustee or Debtor. Insurance claims generated by the clinic's medical treatments are undeniable property of the estate under 11 U.S.C. § 541. Third-party insurance carriers must be ordered to immediately cease routing funds to the MCA Lenders and restore direct routing to the Debtor.

15.    **Use of Cash Collateral Under § 363(c)(2)**: A debtor may use cash collateral if the secured creditor consents or if the court, after notice and a hearing, authorizes such use consistent with providing "adequate protection" under Section 363(e).

16.    **Adequate Protection Offered**: To protect the MCA Lenders against any diminution in value of their pre-petition collateral interests, the Debtor proposes to grant the MCA Lenders a Post-Petition Replacement Lien on all newly generated accounts receivable, inventory, and cash proceeds of the Debtor post-petition, to the same extent, validity, and priority as their pre-petition liens.

17.    This replacement lien is fully secured by the clinic's robust, ongoing medical billing engine, which generated approximately $137,930.99 in charges during May 2026. The underlying collateral pool is expanding rapidly enough to ensure that the MCA Lenders face zero economic risk by allowing the clinic to tap $ 30,184.43 in interim funds to preserve its active business operations.

WHEREFORE, the Debtor respectfully requests that this Court enter an Emergency Interim Order:

1.  Authorizing the Debtor's interim use of Cash Collateral up to the necessary budget amount of $30,184.43;

2.  Granting the MCA Lenders post-petition replacement liens as adequate protection;

3.  Ordering all third-party insurance payors (including Oscar, UnitedHealthcare, Ambetter, Wellpoint, Humana, Aetna, and BCBS) to immediately cease all pre-petition fund diversions to the MCA Lenders and turn over all outstanding EOB claim funds directly into the Debtor's newly established DIP checking account; and

26-42540-elm11, Cash Collateral, Adequate Protection, and Turnover

4. Establishing an objection deadline for final approval and providing that, if a timely objection is filed, the Court will conduct a final hearing on the Motion on the date and time set forth in the interim order.

DATED: June 8, 2026.

Respectfully submitted:

By: __/s/ Clayton L. Everett____
Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Proposed Counsel for Debtor

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 9, 2026, a true and correct copy of the motion was served on all entities receiving CM/ECF and first-class mail to the following parties:

EBF Holdings, LLC d/b/a Everest Business Funding
Attn: Legal Department / Michael Guiliano
756 East Winchester St., Ste 301
Salt Lake City, UT 84107
And via *notice@ev-bf.com* and michael.guiliano@whetstoneholdings.com

ILend Advance LLC Attn: Legal Department
333 Pearsall Ave
Cedarhurst, NY 11516
And via Support@ilendadvance.com

On Deck Capital, Inc.
Attn: Bankruptcy / Legal Notice Dept.
4700 W. Daybreak Pkwy #200
South Jordan, UT 84009
And via support@ondeck.com

Bankers Healthcare Group (BHG)
Attn: Managing Officer / General Counsel
10234 W. State Road 84
Fort Lauderdale, FL 33324

USB Equipment Finance
 Attn: Bankruptcy Pleading Unit
PO Box 790448

26-42540-elm11, Cash Collateral, Adequate Protection, and Turnover

Saint Louis, MO 63179

U.S. Small Business Administration (SBA)
Attn: Disaster Loan Processing Center
409 3rd St. SW
Washington, DC 20416

Corporation Service Company (CSC)
*As Representative Agent for Secured Filings*
PO Box 2576
Springfield, IL 62708
And via uccsprep@cscinfo.com

**And to Third-Party Insurance Payors & Turnover Targets:**

Oscar Health Plan Attn: Legal Department & Provider Claims
PO Box 52146
Phoenix, AZ 85072

Ambetter of Texas / Superior Health Plan
Attn: Compliance Officer / Insurance Operations
7700 Forsyth Boulevard
Saint Louis, MO 63105

UnitedHealthcare - Community Plan Medicaid
Attn: Legal & Provider EOB Intercepts
11000 Optum Circle
Eden Prairie, MN 55344
And via Uhc_garnishments@uhc.com

Aetna Inc.
Attn: Vanessa Vidro, Sr. Analyst / Provider Garnishments
151 Farmington Avenue
Hartford, CT 06156

Blue Cross and Blue Shield of Texas
Attn: Provider Network & Billing Operations
1001 E. Lookout Drive
Richardson, TX 75082

Healthy Texas Women Program
Attn: State Revenue & Claim Adjustments
P.O. Box 200555
Austin, TX 78720

Humana Health Plan
Attn: Corporate Claims Legal Department
P.O. Box 14611
Lexington, KY 40512

26-42540-elm11, Cash Collateral, Adequate Protection, and Turnover

Elevance Health, Inc. / Wellpoint
 Attn: Managing Officer / EOB Claims Tracking
220 Virginia Avenue
Indianapolis, IN 46204


                                                    By: __/s/ Clayton L. Everett____
                                                    Clayton L. Everett