NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Proposed Counsel for Debtor

## United States Bankruptcy Court
### Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:** | **Case No. 26-42540-elm** |
| **Blue Clouds Health Care Incorporated** | |
| 729 N Fielder Rd Ste A | **Chapter 11** |
| Arlington, TX 76012 | |
| Tax ID / EIN: 90-0908505 | **Subchapter V Case** |
| | |
| **Debtor** | *Expedited Hearing Requested* |

### DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO PAY PREPETITION WAGES, PAYROLL TAXES, PAYROLL PROCESSING CHARGES, AND CERTAIN CRITICAL OPERATIONAL EXPENSES

lue Clouds Health Care Incorporated, d/b/a Treat Now Family Clinic and d/b/a Treat Now Family Clinic and Psychiatry ("Debtor"), files this Emergency Motion for Authority to Pay Prepetition Wages, Payroll Taxes, Payroll Processing Charges, and Certain Critical Operational Expenses ("Motion"). In support of this Motion, the Debtor respectfully states as follows:

1. The Debtor filed a voluntary petition under Chapter 11, Subchapter V of the Bankruptcy Code on June 8, 2026 ("Petition Date"). The Debtor continues to manage and operate its family medical practice as a debtor-in-possession.

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The statutory bases for the relief requested include 11 U.S.C. §§ 105, 363, 507(a)(4), 507(a)(5), 1107, and 1108, and Federal Rules of Bankruptcy Procedure 6003 and 9014.

4. The Debtor requests entry of an emergency order authorizing, but not directing, the Debtor to pay certain prepetition wages, payroll taxes, payroll processing charges, and critical

operational expenses necessary to preserve the Debtor's medical practice and avoid immediate and irreparable harm to the estate.

5.      Specifically, the Debtor requests authority to pay the following amounts:

      a.  Payroll funding for the pay period ending June 5, 2026, with a check date of June 12, 2026, in the total amount of $19,721.25, consisting of net payroll, payroll tax liabilities, and payroll processing charges;

      b.  Monthly virtual assistant/administrative contractor expense due June 11, 2026, in the amount of $3,360.00; and

      c.  Electronic Medical Records / Electronic Medical Billing system expense payable to NovoMedical/NovoMedic/NovoClinical in the amount of $700.00.

6.      The total amount requested by this Motion is $23,781.25.

7.      The relief requested herein is consistent with the Debtor's contemporaneously filed Emergency Motion for Interim and Final Orders Authorizing Use of Cash Collateral, Granting Adequate Protection, and Compelling Turnover of Property by Secured Creditors and Insurance Payors, and is included within the Debtor's emergency 14-day operating budget.

BACKGROUND

8.      The Debtor operates an established healthcare clinic located at 729 N. Fielder Rd., Suite A, Arlington, Texas 76012. The Debtor provides primary medical care, psychiatry services, and related healthcare services to patients in the community.

9.      The Debtor employs seven active employees whose services are essential to the continued operation of the clinic, patient scheduling, patient intake, billing, charting, clinical administration, and ongoing patient care.

26-42540-elm11, Cash Collateral, Adequate Protection, and Turnover

10.     The Debtor's operations are also dependent upon certain critical administrative and technology vendors, including virtual assistant/administrative contractor support and electronic medical records/electronic billing services.

11.     The Debtor's cash flow has been severely disrupted by prepetition creditor collection activity, including the diversion or attempted diversion of insurance receivables and EOB payments. Without authority to pay the obligations identified in this Motion, the Debtor faces an immediate risk of employee disruption, loss of critical operational support, interruption of medical records and billing functions, and harm to patients and the bankruptcy estate.

12.     The Debtor's payroll register for the pay period beginning May 23, 2026 and ending June 5, 2026 reflects seven employees paid, with a check date of June 12, 2026.

13.     The payroll register reflects total payroll funding of $19,721.25, including net direct deposits, payroll tax liabilities, and payroll processing charges.

14.     The Debtor believes the wages were earned in the ordinary course of the Debtor's business and within the 180 days before the Petition Date.

15.     Payment of the payroll obligations is necessary to avoid immediate and irreparable harm. The Debtor is a medical clinic. Its ability to continue operating depends on retaining its trained employees, maintaining patient continuity, and preventing disruption to patient care.

16.     The Debtor requests authority to pay prepetition wages, payroll taxes, and payroll processing charges in the aggregate amount of $19,721.25, provided that no payment to any individual employee on account of prepetition wages shall exceed the priority cap under 11 U.S.C. § 507(a)(4), unless otherwise ordered by the Court.

17.     The Debtor also requests authority to remit payroll taxes, withholdings, employer payroll taxes, and related payroll charges to the appropriate taxing authorities or payroll processor. The

26-42540-elm11, Cash Collateral, Adequate Protection, and Turnover

Debtor believes such payments are necessary to ensure compliance with applicable law, preserve employee confidence, and avoid penalties or operational disruption.

CRITICAL OPERATIONAL EXPENSES

18.     The Debtor also requests authority to pay two critical operational expenses necessary to preserve the value of the Debtor's estate and maintain its medical practice during the emergency first days of this case.

19.     First, the Debtor requests authority to pay the monthly virtual assistant/administrative contractor expense in the amount of $3,360.00, due June 11, 2026. These services provide administrative support necessary for clinic operations, patient communications, scheduling, billing support, and related functions.

20.     Second, the Debtor requests authority to pay the electronic medical records/electronic billing expense payable to NovoMedical/NovoMedic/NovoClinical in the amount of $700.00. This system is essential to the Debtor's ability to access and maintain patient records, process claims, manage patient care, and continue medical billing.

21.     Without the continued availability of these services, the Debtor's ability to operate as a going concern would be materially impaired. The Debtor's requested payments are modest in amount, are included in the Debtor's emergency cash collateral budget, and are necessary to preserve the estate.

BASIS FOR RELIEF

22.     Section 363(b) of the Bankruptcy Code authorizes a debtor-in-possession, after notice and a hearing, to use property of the estate outside the ordinary course of business. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.

26-42540-elm11, Cash Collateral, Adequate Protection, and Turnover

23.	Courts routinely authorize debtors to pay prepetition employee wages and related obligations where such payments are necessary to preserve the debtor's workforce, avoid immediate business disruption, and protect the value of the estate.

24.	Wages, salaries, commissions, vacation, severance, and sick leave earned by employees within 180 days before the petition date are entitled to priority treatment under 11 U.S.C. § 507(a)(4), subject to the statutory cap. Employee benefit contributions may also be entitled to priority treatment under 11 U.S.C. § 507(a)(5), subject to applicable statutory limitations.

25.	The Debtor's requested payroll relief is necessary, reasonable, and narrowly tailored. The Debtor requests authority only for the current payroll funding necessary to avoid immediate disruption, including payroll taxes and payroll processing charges.

26.	The Debtor's requested authority to pay the virtual assistant/administrative contractor and EMR/electronic billing expense is also necessary and appropriate under 11 U.S.C. §§ 105(a) and 363(b). These vendors provide critical services without which the Debtor cannot efficiently operate the clinic, preserve accounts receivable, bill insurance claims, or maintain patient care.

27.	The requested relief is in the best interests of the Debtor, its estate, its employees, its patients, and creditors. The payments will preserve going-concern value and support the Debtor's ability to reorganize under Subchapter V.

EMERGENCY RELIEF AND RESERVATION OF RIGHTS

28.	Bankruptcy Rule 6003 permits the Court to grant relief within 21 days after the petition date to the extent necessary to avoid immediate and irreparable harm.

29.	Immediate relief is necessary because payroll funding must occur immediately, the payroll impound date is June 11, 2026, and the Debtor's payroll check date is June 12, 2026.

26-42540-elm11, Cash Collateral, Adequate Protection, and Turnover

30.     Immediate relief is also necessary because the virtual assistant expense is due June 11, 2026, and the EMR/electronic billing system is essential to ongoing operations, patient care, and preservation of the Debtor's insurance receivables.

31.     The Debtor therefore requests emergency consideration of this Motion.

32.     Nothing in this Motion or any order granting this Motion shall be deemed an admission as to the validity, priority, amount, perfection, enforceability, or avoidability of any claim, lien, or interest.

33.     The Debtor reserves all rights to contest any claim, lien, payment obligation, or asserted interest.

WHEREFORE, the Debtor respectfully requests that this Court enter an Emergency Interim Order:

1. Authorizing, but not directing, the Debtor to pay prepetition payroll obligations, payroll taxes, and payroll processing charges in the aggregate amount of $19,721.25;

2. Authorizing, but not directing, the Debtor to pay the monthly virtual assistant/administrative contractor expense due June 11, 2026, in the amount of $3,360.00;

3. Authorizing, but not directing, the Debtor to pay the EMR/electronic medical billing expense payable to NovoMedical/ NovoMedic/ NovoClinical in the amount of $700.00;

4. Authorizing applicable banks, payroll processors, and vendors to receive, process, honor, and pay checks, ACH transfers, electronic payments, and other payment requests related to the foregoing obligations;

5. Finding that the relief requested is necessary to avoid immediate and irreparable harm to the Debtor and its estate; and

26-42540-elm11, Cash Collateral, Adequate Protection, and Turnover

6. Granting such other and further relief to which the Debtor may be justly entitled.

DATED: June 8, 2026.

Respectfully submitted:

By: __/s/ Clayton L. Everett____
Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Proposed Counsel for Debtor

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 9, 2026, a true and correct copy of the motion was served on all entities receiving CM/ECF and first-class mail to the following parties:

EBF Holdings, LLC d/b/a Everest Business Funding
Attn: Legal Department / Michael Guiliano
756 East Winchester St., Ste 301
Salt Lake City, UT 84107
And via *notice@ev-bf.com* and michael.guiliano@whetstoneholdings.com

ILend Advance LLC Attn: Legal Department
333 Pearsall Ave
Cedarhurst, NY 11516
And via Support@ilendadvance.com

On Deck Capital, Inc.
Attn: Bankruptcy / Legal Notice Dept.
4700 W. Daybreak Pkwy #200
South Jordan, UT 84009
And via support@ondeck.com

Bankers Healthcare Group (BHG)
Attn: Managing Officer / General Counsel
10234 W. State Road 84
Fort Lauderdale, FL 33324

USB Equipment Finance
 Attn: Bankruptcy Pleading Unit
PO Box 790448
Saint Louis, MO 63179

26-42540-elm11, Cash Collateral, Adequate Protection, and Turnover

U.S. Small Business Administration (SBA)
Attn: Disaster Loan Processing Center
409 3rd St. SW
Washington, DC 20416

Corporation Service Company (CSC)
*As Representative Agent for Secured Filings*
PO Box 2576
Springfield, IL 62708
And via uccsprep@cscinfo.com

By: __/s/ Clayton L. Everett____
Clayton L. Everett

26-42540-elm11, Cash Collateral, Adequate Protection, and Turnover