

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 11, 2026**

_____
**United States Bankruptcy Judge**

---

## United States Bankruptcy Court
### Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:** | **Case No. 26-42540-elm** |
| **Blue Clouds Health Care Incorporated** | |
| 729 N Fielder Rd Ste A | **Chapter 11** |
| Arlington, TX 76012 | |
| Tax ID / EIN: 90-0908505 | **Subchapter V Case** |
| **Debtor** | *Expedited Hearing Requested* |

**EMERGENCY ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES,**
**PAYROLL TAXES, PAYROLL PROCESSING CHARGES, AND**
**CERTAIN CRITICAL OPERATIONAL EXPENSES**

On this day came on for consideration the Debtor's Emergency Motion for Authority to Pay Prepetition Wages, Payroll Taxes, Payroll Processing Charges, and Certain Critical Operational Expenses ("Motion") filed by Blue Clouds Health Care Incorporated, d/b/a Treat Now Family Clinic and d/b/a Treat Now Family Clinic and Psychiatry ("Debtor"). After considering the Motion, the evidence, the arguments of counsel, and the record in this case, the Court finds that sufficient cause exists to grant the relief requested.

The Court finds that the Debtor operates a medical clinic and requires immediate authority to pay certain employee wage obligations, payroll taxes, payroll processing charges, and critical operational expenses to preserve the Debtor's business operations, maintain patient care, and prevent immediate and irreparable harm to the estate.

The Court further finds that the relief granted by this Order is necessary and appropriate under 11 U.S.C. §§ 105(a), 363(b), 507(a)(4), 507(a)(5), 1107, and 1108, and Bankruptcy Rule 6003.

Accordingly, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth in this Order.

2. The Debtor is authorized, but not directed, to pay prepetition payroll obligations, payroll taxes, and payroll processing charges for the pay period ending June 5, 2026, with a check date of June 12, 2026, in an aggregate amount not to exceed $19,721.25.

3. The payroll authority granted in this Order includes authority to pay or remit net payroll, direct deposits, employee withholding amounts, employer payroll taxes, payroll tax liabilities, and payroll processing charges.

4. No payment to any individual employee on account of prepetition wages shall exceed the applicable statutory priority cap under 11 U.S.C. § 507(a)(4), unless otherwise ordered by the Court.

5. The Debtor is authorized, but not directed, to pay the monthly virtual assistant/administrative contractor expense due June 11, 2026, in an amount not to exceed $3,360.00.

26-42540-elm11, Interim Order re: Prepetition Wages

6. The Debtor is authorized, but not directed, to pay the electronic medical records/electronic medical billing expense payable to NovoMedical/ NovoMedic/ NovoClinical in an amount not to exceed $700.00.

7. The total amount authorized under this Order shall not exceed $23,781.25.

8. The Debtor is authorized to issue checks, initiate ACH transfers, make electronic payments, or otherwise remit payment to employees, payroll processors, taxing authorities, virtual assistant/administrative contractors, and NovoMedical/ NovoMedic/ NovoClinical as necessary to effectuate the relief granted in this Order.

9. Any bank, payroll processor, financial institution, or other payment processor is authorized to receive, process, honor, and pay any check, draft, ACH transfer, electronic payment, or other payment request issued by the Debtor relating to the obligations authorized by this Order, whether such payment request was issued before or after the Petition Date, provided that sufficient funds are available.

10. Nothing in this Order shall be deemed to authorize payment of any obligation except as expressly provided herein.

11. Nothing in this Order shall constitute a determination as to the validity, priority, amount, perfection, enforceability, or allowability of any claim, lien, or interest.

12. The Debtor reserves all rights to contest any claim, lien, interest, invoice, charge, or obligation.

13. This Order is without prejudice to the Debtor's rights under any separate order authorizing the use of cash collateral, and the payments authorized herein shall be made only from funds the Debtor is otherwise authorized to use.

26-42540-elm11, Interim Order re: Prepetition Wages

14. The Court finds that the relief granted herein is necessary to avoid immediate and

irreparable harm to the Debtor and its estate.

15. The Court retains jurisdiction to interpret and enforce this Order.

**# # # END OF ORDER # # #**

Submitted by:

/s/ Clayton L. Everett
Clayton L. Everett
State Bar No. 24065212
NORRED LAW, PLLC
515 E. Border Street
Arlington, Texas 76010
Telephone: (817) 704-3984
clayton@norredlaw.com
Proposed Counsel for Debtor

26-42540-elm11, Interim Order re: Prepetition Wages