

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 24, 2026**

_United States Bankruptcy Judge_

United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Blue Clouds Health Care Incorporated**<br>729 N Fielder Rd Ste A<br>Arlington, TX 76012<br>Tax ID / EIN: 90-0908505<br><br>**Debtor** | **Case No. 26-42540-elm**<br><br>**Chapter 11**<br><br>**Subchapter V Case**<br><br>_Expedited Hearing Requested_ |

**FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL, GRANTING ADEQUATE PROTECTION, AND COMPELLING TURNOVER OF PROPERTY BY SECURED CREDITORS AND INSURANCE PAYORS**

On this day came on for final consideration the Debtor's Emergency Motion for Interim and Final Orders (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Compelling Turnover of Property by Secured Creditors and Insurance Payors ("Motion") [Dkt No. 3] filed by Blue Clouds Health Care Incorporated, d/b/a Treat Now Family Clinic and d/b/a Treat Now Family Clinic and Psychiatry ("Debtor"). The Court previously entered its Emergency Interim Order Authorizing Use of Cash Collateral, Granting Adequate Protection, and Compelling Turnover of Property by Secured Creditors and Insurance Payors [Dkt. No. 21]

("Interim Order"). After considering the Motion, the Interim Order, the evidence, the arguments of counsel, any timely filed objections and responses, and the record in this case, the Court finds that sufficient cause exists to grant final relief as set forth below.

The following constitutes the ruling of the Court and has the force and effect therein described.

The Court finds that the Debtor filed this case under Chapter 11, Subchapter V of the Bankruptcy Code on June 8, 2026, and continues to operate its medical practice as debtor-in-possession. The Court further finds that the Debtor requires continued access to cash collateral and incoming accounts receivable proceeds to preserve its ongoing business operations, maintain payroll, continue patient care, avoid patient abandonment, and prevent irreparable harm to the estate.

The Court further finds that notice of the Motion, the Interim Order, the objection deadline, and the opportunity for final hearing was adequate and appropriate under the circumstances. The Court further finds that any objections to final approval of the Motion have either been resolved, withdrawn, overruled, or are otherwise preserved only to the extent expressly provided in this Order.

The Court further finds that the Debtor has demonstrated a continuing need to use cash collateral on a final basis and that the relief granted herein is necessary to preserve the value of the estate. The Court also finds that the adequate protection granted herein is sufficient, without prejudice to the rights of any party in interest as expressly reserved in this Order

Accordingly, it is hereby ORDERED that:

1.  The Motion is **GRANTED** on an final basis as set forth in this Order.

26-42540-elm11, Final Order

2. **Final Authorization to Use Cash Collateral.** Authorization to Use Cash Collateral. The Debtor is authorized to use cash collateral, including proceeds of accounts receivable and insurance receivables, on a final basis and until further order of this Court, substantially in accordance with the normalized post-petition monthly operating budget attached to the Motion as Exhibit A, including monthly operating cash outflows in the amount of $56,927.99.

3. **Permitted Uses.** The Debtor may use cash collateral for ordinary and necessary business expenses, including payroll, contractors, professional and operational services, rent, utilities, equipment payments, employee benefits, office and clinical overhead, taxes and licenses, bank charges, and a Subchapter V administrative reserve, as set forth in the final monthly budget.

4. **Budget Variance**. The Debtor is authorized to make reasonable and necessary payments consistent with the budget categories approved by this Order. The Debtor shall not materially exceed the total monthly cash collateral authority approved by this Order without further order of the Court or written consent of any affected secured creditor whose cash collateral is being used, subject to the reservation of rights contained herein.

5. **Adequate Protection.** As adequate protection for the interests of any secured creditor holding a valid, perfected, enforceable, and non-avoidable lien in the Debtor's prepetition accounts receivable, cash, or proceeds, including any Merchant Cash Advance lenders or other secured creditors asserting interests in such collateral, the Debtor is authorized and directed to grant replacement liens in postpetition accounts receivable, cash, and proceeds, solely to the extent of any diminution in value of such creditor's valid, perfected, enforceable, and non-avoidable prepetition collateral interests.

26-42540-elm11, Final Order

6. **Reservation of Rights Regarding Liens.** Reservation of Rights Regarding Liens. Nothing in this Order shall constitute a final determination as to the validity, priority, extent, perfection, amount, enforceability, or avoidability of any asserted lien, security interest, claim, or interest. All rights of the Debtor, the Subchapter V Trustee, creditors, and parties in interest are reserved.

7. **Turnover and Cessation of Diversions.** Any secured creditor, Merchant Cash Advance lender, third-party payment processor, insurance payor, clearinghouse, or other entity in possession, custody, or control of property of the estate, including insurance receivables, Explanation of Benefits payments, accounts receivable proceeds, or funds generated from the Debtor's medical services, shall immediately cease any prepetition diversion, garnishment, setoff, sweep, redirection, debit, or collection activity against such funds.

8. **Insurance Payors and Clearinghouses.** All third-party insurance payors and related entities, including without limitation Oscar Health Plan, UnitedHealthcare, Ambetter of Texas/Superior Health Plan, Wellpoint, Humana Health Plan, Aetna, Blue Cross and Blue Shield of Texas, Molina Healthcare of Texas, Healthy Texas Women Program, and any related clearinghouse or claims processor, are directed to remit all postpetition payments, accounts receivable proceeds, EOB payments, and claim payments owed to the Debtor directly to the Debtor's debtor-in-possession account, and not to any prepetition secured creditor, MCA lender, garnishing creditor, or other third party asserting rights arising from prepetition obligations.

9. **Turnover of Estate Property.** Pursuant to 11 U.S.C. § 542, any entity holding funds, proceeds, accounts receivable payments, or other property of the estate that the Debtor

may use under 11 U.S.C. § 363 shall immediately turn over such property to the Debtor, subject to the adequate protection granted in this Order.

10. **Automatic Stay.** Any act to collect, divert, intercept, garnish, sweep, debit, set off, or otherwise exercise control over the Debtor's accounts receivable, insurance receivables, bank accounts, cash, or proceeds on account of a prepetition debt is subject to the automatic stay imposed by 11 U.S.C. § 362. Nothing in this Order authorizes any creditor or third party to take any action in violation of the automatic stay.

11. **Debtor-in-Possession Account.** The Debtor shall maintain all estate funds in an authorized debtor-in-possession account and shall account for the use of cash collateral in accordance with the Bankruptcy Code, Bankruptcy Rules, applicable orders of this Court, and U.S. Trustee reporting requirements.

12. **No Waiver.** The use of cash collateral authorized herein shall not constitute a waiver of any rights, claims, objections, defenses, or causes of action held by the Debtor, the estate, the Subchapter V Trustee, or any party in interest, including any right to challenge the validity, priority, extent, perfection, enforceability, or amount of any asserted lien or claim.

13. **Effect of Prior Interim Order.** The Interim Order remains valid and effective for the interim period covered by that order. This Final Order supersedes the Interim Order prospectively as of the date of entry of this Final Order, except to the extent any rights, protections, obligations, or reservations under the Interim Order accrued before entry of this Final Order.

14. **Service of Final Order.** The Debtor shall promptly serve this Final Order on all secured creditors identified in the Motion, all insurance payors and turnover targets identified in

26-42540-elm11, Final Order

the Motion, the Subchapter V Trustee, the United States Trustee, and all parties requesting notice.

15. **Binding Effect.** This Order shall be binding upon the Debtor, the estate, secured creditors, insurance payors, clearinghouses, payment processors, garnishing creditors, and all parties in possession or control of estate property or proceeds.

16. **Retention of Jurisdiction.** The Court retains jurisdiction to interpret, enforce, and modify this Order.

# # # END OF ORDER # # #

Submitted by:

/s/ Clayton L. Everett
Clayton L. Everett
State Bar No. 24065212
NORRED LAW, PLLC
515 E. Border Street
Arlington, Texas 76010
Telephone: (817) 704-3984
clayton@norredlaw.com
Proposed Counsel for Debtor

26-42540-elm11, Final Order