NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Proposed Counsel for Blue Clouds Health Care Incorporated

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Blue Clouds Health Care Incorporated**<br>729 N Fielder Rd Ste A<br>Arlington, TX 76012<br>Tax ID / EIN: 90-0908505<br><br>**Debtor** | **Case No. 26-42540-elm**<br><br>**Chapter 11**<br><br>**Subchapter V Case** |

## DEBTOR'S MOTION TO WAIVE THE APPOINTMENT OF A PATIENT CARE OMBUDSMAN AND RESPONSE TO ORDER TO SHOW CAUSE

Blue Clouds Health Care Incorporated, dba Treat Now Family Clinic, and dba Treat Now Family Clinic and Psychiatry ("Debtor"), respectfully files this Motion to Waive the Appointment of a Patient Care Ombudsman ("Motion") and Response to the Court's Order to Show Cause Regarding the Appointment of a Patient Care Ombudsman Pursuant to 11 U.S.C. § 333. In support of this Motion, the Debtor respectfully states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On June 8, 2026 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code. The Debtor continues to manage and operate its family medical practice as a debtor-in-possession.

3. The Debtor operates a single-location, outpatient family healthcare and psychiatry clinic located at 729 N. Fielder Rd. Ste A, Arlington, TX 76012. The practice employs seven active

employees and provides essential primary care and mental health services to its active community patient base.

4.    On June 9, 2026, the Court entered its *Order to Show Cause Regarding the Appointment of a Patient Care Ombudsman Pursuant to 11 U.S.C. § 333* (Doc. 12), setting a hearing for July 8, 2026. As required by that Order, on June 12, 2026, the Debtor served its formal regulatory disclosures and copies of the Order via overnight courier and electronic means to the Texas Medical Board, the Texas Board of Nursing, the Texas Health and Human Services Commission, and the Office of the Texas Attorney General.

5.    Section 333(a)(1) of the Bankruptcy Code provides that a court shall order the appointment of a patient care ombudsman within 30 days of the commencement of a healthcare case unless the court finds that the appointment is "not necessary for the protection of patients under the specific facts of the case."

6.    In determining whether an ombudsman is necessary, bankruptcy courts generally weigh several factors, including: (a) the cause of the bankruptcy; (b) the quality of care historically and currently provided; (c) the administrative costs of an ombudsman relative to the debtor's financial condition; and (d) the presence of existing, active regulatory oversight.

7.    **The Bankruptcy is Purely Financial, Not Operational:** As set forth in the Debtor's *Emergency Motion for Use of Cash Collateral* (Doc. 3), the Debtor's financial distress was explicitly caused by pre-petition Merchant Cash Advance ("MCA") lenders intercepting and diverting the clinic's health insurance accounts receivable. The practice is fundamentally sound and operationally profitable, generating stable charges. The distress has absolutely no correlation with patient care deficiencies or operational mismanagement.

Debtor's Exhibit A

8.      **Substantial Existing Regulatory Oversight protects Patients:** The Debtor does not operate in a regulatory vacuum. As verified in the file in attached formal regulatory disclosure letter, the clinic's professional staff are directly regulated by, and in good standing with, the Texas Medical Board and the Texas Board of Nursing, holding active professional licenses including APRN-CNP License No. AP121659 and RN License No. 843050. This active state licensure ensures professional standards are enforced daily without requiring bankruptcy estate funds to pay for redundant oversight.

9.      **The Appointment Would Impose an Unjustified, Fatal Administrative Expense:** The Debtor's operating cash balance was depleted to a mere $689.19 due to the actions of the MCA lenders. The Debtor is currently fighting to fund a critical $19,721.25 payroll just to keep its doors open and prevent involuntary patient abandonment. Forcing the estate to absorb the compensation and expenses of an ombudsman would severely compromise the Debtor's razor-thin operating budget, actively harming patient protection by threatening the clinic's survival.

10.     **The Clinic is a Low-Risk Outpatient Facility:** The Debtor operates a standard daytime outpatient clinic, not a residential nursing home, acute care hospital, or 24/7 assisted living center. Patients are not dependent on the Debtor for overnight care, housing, or total daily living support.

WHEREFORE, the Debtor respectfully requests that this Court enter an order finding that the appointment of a patient care ombudsman is unnecessary under the specific facts of this case, waiving the requirement under 11 U.S.C. § 333(a)(1), and granting the Debtor such other and further relief to which it may be justly entitled.

Debtor's Exhibit A

Respectfully submitted:


By: __/s/ Clayton L. Everett____
        Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Proposed Counsel for Debtor


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 18, 2026, a true and correct copy of the foregoing Motion to Restrict Document from Public View was served electronically via the Court's CM/ECF system upon the parties registered to receive notices in this case:

Texas Medical Board
Attn: Legal & Licensure Compliance Division
1801 Congress Avenue, Suite 9.200
Austin, TX 78701
&Via Email: registrations@tmb.state.tx.u

Texas Health and Human Services Commission
Attn: Health Care Facilities Regulation
4601 W. Guadalupe St.
Austin, TX 78751
& Via Email: hfc.regulations@hhs.texas.gov

Office of the Texas Attorney General
Attn: Managing Attorney
Bankruptcy Regulatory Section
P.O. Box 12548, MC 008
Austin, Texas 78711
& Via Email:bankruptcy@oag.texas.gov

Texas Board of Nursing
1801 Congress Avenue, Suite 10-200
Austin, TX 78701


By: __/s/ Clayton L. Everett____
Clayton L. Everett


26-42540-elm11, Motion to Waive Appointment of Patient Ombudsman                    Page 4