NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Proposed Counsel for Blue Clouds Health Care Incorporated

## United States Bankruptcy Court
### Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Blue Clouds Health Care Incorporated**<br><br>**Debtor** | **Case No. 26-42540-elm**<br><br>**Chapter 11**<br><br>**Subchapter V Case** |

### DEBTOR'S PRE-STATUS CONFERENCE REPORT
### PURSUANT TO 11 U.S.C. § 1188(c)

Blue Clouds Health Care Incorporated, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), respectfully submits this Pre-Status Conference Report pursuant to 11 U.S.C. § 1188(c) and paragraph 6 of the Court's Scheduling Order and Notice of Status Conference (the "Scheduling Order").

1.      Established in 2012, the Debtor operates an established healthcare clinic located at 729 N Fielder Road, Suite A, Arlington, Texas, under the assumed names **Treat Now Family Clinic** and **Treat Now Family Clinic and Psychiatry**. The practice provides routine primary medical care, checkups, prescriptions, and outpatient psychiatric services to thousands of local community patients.

2.      The practice operates strictly as a low-risk, outpatient facility. The Debtor does not provide any overnight care, invasive surgical procedures, or long-term residential stays.

3.      The Debtor's President, Catherine O'Connor, is an Advance Practice Registered Nurse (APRN) who actively manages day-to-day clinical compliance and patient care. The clinic maintains a staff of seven active employees.

4.      All healthcare providers operating at the clinic maintain active, good-standing professional licenses with the Texas Medical Board and the Texas Board of Nursing. The clinic maintains a high standard of patient care, with zero formal patient complaints, zero malpractice actions, and zero regulatory enforcement penalties within the past five (5) years.

5.      To ensure strict compliance with HIPAA and protect sensitive medical records, the Debtor utilizes the secure **NovoClinical practice management and billing EHR software** system. All patient charts, clinical histories, and psychiatric files are digitally protected, fully backed up, and access is strictly confined to authorized medical staff.

6.      The economic lifeblood of the practice consists of its outstanding accounts receivable driven by medical insurance billing claims. As of the petition date, the Debtor held approximately $59,250.93 in collectible, outstanding insurance receivables.

**Events Leading to Chapter 11 Filing**

7.      The Debtor's practice is fundamentally sound and historically profitable, generating substantial monthly billings (including $178,935.00 in total medical charges in May 2026). However, financial distress arose exclusively from cash flow disruptions caused by pre-petition Merchant Cash Advance ("MCA") lenders.

8.      Certain pre-petition MCA lenders issued notices directly to the Debtor's third-party health insurance clearinghouses and payors, systematically diverting and garnishing electronic Explanation of Benefits (EOB) claim funds.

9.      This operational chokehold starved the clinic of its operational liquidity, leaving the Debtor with an operating cash balance of only $689.19 just days before a critical $19,721.25 employee payroll deadline.

10.     To avoid clinical closure, prevent catastrophic patient abandonment, and safeguard corporate asset values, the Debtor filed its voluntary petition under Chapter 11, Subchapter V on June 8, 2026.

### Post-Petition Case Stabilization

11.     Immediately upon filing, the Debtor sought emergency orders to break the MCA collection stranglehold. The Court subsequently entered an *Amended Final Order Authorizing Use of Cash Collateral, Granting Adequate Protection, and Compelling Turnover*. This order successfully halted all pre-petition fund diversions by MCA lenders and directed all major insurance networks (including Ambetter, UnitedHealthcare, Oscar, Humana, Aetna, and BCBS of Texas) to route post-petition claim proceeds directly to the Debtor's DIP account.

12.     The clinic is fully operational and meeting its commitments under a normalized post-petition monthly operating budget, authorizing necessary overhead and payroll expenditures of $69,367.31.

13.     To protect the estate from unnecessary administrative overhead that would jeopardize patient care, the Debtor filed a Motion to Waive the Appointment of a Patient Care Ombudsman. Given the clinic's spotless regulatory history, low-risk outpatient status, and secure HIPAA-compliant NovoClinical software, an ombudsman is unnecessary and would serve only as a severe financial drain on the rehabilitation of the practice.

### Debtor's Efforts to Formulate Consensual Plan

14.     The Debtor is currently working with counsel to draft its Subchapter V Plan of Reorganization. The plan will leverage the clinic's robust post-petition medical billing engine to fund operations and pay down administrative and pre-petition obligations over a three-to-five-year period.

15.     The Debtor is fully on track to file its formal Plan of Reorganization on or before the statutory deadline of September 8, 2026.

16.     The Debtor provided comprehensive notice of its emergency filings to all major secured MCA lenders, equipment finance entities, and clearinghouses. The successful entry of the Amended Final Cash Collateral Order underscores the Debtor's coordination to properly protect valid pre-petition liens while ensuring clinical operational continuity. The Debtor will utilize the upcoming weeks to continue a transparent dialogue with the Subchapter V Trustee and primary creditors to build consensus for plan confirmation.

Respectfully submitted:


By: __/s/ Clayton L. Everett____
         Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Proposed Counsel for Debtor


## CERTIFICATE OF SERVICE

I certify that on July 15, 2026, a true and correct of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF filing system, and served upon all registered parties in interest who are eligible to receive electronic notice of this case.

By: __/s/ Clayton L. Everett____
Clayton L. Everett